NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2009-1227, -1240

UNIVERSITY OF PITTSBURGH OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION (doing business as University of Pittsburgh),

Plaintiff-Appellant,

v.

VARIAN MEDICAL SYSTEMS, INC.,

Defendant-Cross Appellant.

Appeals from the United States District Court for the Western District of Pennsylvania in case no. 08-CV-1307, Judge Arthur J. Schwab.

ON MOTION

Before RADER, CLEVENGER, and DYK, Circuit Judges.

RADER, Circuit Judge.

## ORDER

The University of Pittsburgh of the Commonwealth System of Higher Education (Pitt) moves without opposition to vacate the December 17, 2008 final judgment entered by the United States District Court for the Western District of Pennsylvania, remand for further proceedings, and dismiss the cross-appeal.

In April 2007, Pitt alone brought suit against Varian Medical Systems, Inc., alleging infringement of two of its patents. On April 30, 2008, the district court dismissed the complaint with prejudice on the ground that Pitt lacked standing without first joining Carnegie Mellon University (Carnegie Mellon), an alleged co-owner of the patents. The parties appealed to this court, appeals nos. 2008-1441, -1454.

In June 2008, Pitt filed the underlying action in the United States District Court for the Northern District of California, making these same patent infringement allegations. That case was transferred by the California district court to the Pennsylvania district court. The Pennsylvania district court dismissed this suit with prejudice. The parties then again appealed to this court, appeal nos. 2009-1227, -1240. We stayed proceedings in this set of consolidated appeals pending this court's final disposition in the first set of consolidated appeals.

In <u>Univ. of Pittsburgh v. Varian Medical Systems, Inc.</u>, 569 F.3d 1328 (Fed. Cir. 2009), this court held that even if Carnegie Mellon was a necessary party to the suit and even if dismissal was appropriate, the district court erred in dismissing the suit with prejudice. This court vacated the district court's decision to dismiss the complaint with prejudice and remanded with instructions to designate the dismissal as without prejudice to Pitt's ability to establish standing.

Because the dismissal of the underlying complaint was based on the district court's initial decision which has now been vacated, we agree that this case should be treated in the same manner. We therefore lift the stay of proceedings in 2009-1227, -1240, vacate the district court's decision, and remand with instructions to dismiss the complaint without prejudice to Pitt's ability to establish standing.

Accordingly,

IT IS ORDERED THAT:

(1)     The motions are granted.

(2)     Each side shall bear its own costs.

FOR THE COURT

NOV 0 9 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Roderick R. McKelvie, Esq.
       Matthew H. Poppe, Esq.

s19

ISSUED AS A MANDATE:    NOV 0 9 2009
                        _____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 0 9 2009

JAN HORBALY
CLERK

2009-1227, -1240                    3